UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RIVER CITY TOWING SERVICES, INC.<br><br>VERSUS<br><br>CRADON ENERGY, LTD.; CRADON MANAGEMENT, INC.; CROWN FINANCIAL, LLC; CREST ENERGY PARTNERS, L.P.; CREST ENERGY PARTNERS GP, LLC; AND K-SOLV, L.P. | CIVIL ACTION NO.:<br><br>JUDGE<br><br>MAGISTRATE |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Plaintiff River City Towing Services, Inc., ("River City"), who avers as follows:

I.

Plaintiff River City is a Louisiana corporation with its principal place of business in Denham Springs, Louisiana, and which at all relevant times, was the owner of certain barges designated as "RCT 3" and "RCT 7."

II.

Made the defendants herein are:

A. Cradon Energy, Ltd. ("Cradon"), a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas, whose members, based on information and belief, are domiciled in Texas;

B. Cradon Management, Inc. ("Cradon Management"), a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas, based on information and belief, are domiciled in Texas;

C.   Crown Financial, LLC ("Crown"), a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas, whose members, based on information and belief, are domiciled in Texas;

D.   Crest Energy Partners, L.P., a limited partnership organized and existing under the laws of the State of Delaware, whose members, based on information and belief, are domiciled in Texas;

E.   Crest Energy Partners GP, LLC, a limited liability company organized and existing under the laws of the State of Delaware, whose members, based on information and belief, are domiciled in Texas; and

F.   K-Solv, L.P. ("K-Solv"), a limited partnership organized and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas, whose members, based on information and belief, are domiciled in Texas.

III.

This Honorable Court has jurisdiction over this matter pursuant to 28 USC §1331 as this is a maritime breach of contract claim as well as a negligence claim and a claim for wrongful lien placement. Additionally, this Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as this matter involves complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($75,000.00), exclusive of interest and costs.

IV.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events, acts and omissions giving rise to the claims herein occurred within the State of Louisiana and in this judicial district.

## FACTUAL BACKGROUND

### *Bareboat Charter Between River City and Cradon*

V.

On or about January 2, 2015, River City and Cradon entered into two agreements, both of which were entitled "Affreightment Agreement." Notwithstanding the title, the practical effect of these Agreements was to institute a Bareboat-Charter Agreement between River City and Cradon, whereby Cradon bareboat chartered the RCT 3 and RCT 7 barges owned by River City (collectively, the "Agreements"); Cradon Management, Inc., the General Partner of Cradon, was a signatory to these Agreements and is likewise responsible for all obligations in these Agreements. The Agreement for the RCT 3 is attached hereto as **Exhibit A**, and the Agreement for the RCT 7 is attached hereto as **Exhibit B**.

VI.

Cradon called upon River City inquiring about the charter of River City barges and the barges were offered to Cradon, the contractual terms and conditions of these Agreements were negotiated in Denham Springs, Louisiana, signed in Louisiana and Cradon retrieved and picked up the barges to begin the charters under these Agreements in Geismar, Louisiana.

VII.

The Agreements provide that the Charter Hire Rate is $1,000.00 per day for the RCT 3 barge and $1,000.00 per day for the RCT 7 barge, with the Charter Hire Rate continuing and owed until all required cleaning is performed by River City and is concluded to the reasonable satisfaction of River City and the barges are returned to the homeport of Geismar, Louisiana. River City would invoice Cradon on a monthly basis, with payment from Cradon being due and

paid within thirty (30) days of receipt. All cleaning expenses would be for the account of Cradon and would be invoiced to Cradon by River City and paid by Cradon within thirty (30) days of receipt of the invoice from River City.

VIII.

Cradon took possession of the RCT 3 and RCT 7 on or about January 2015, and thereafter used the barges until June 2015 to transport Mixed Reclaimed Crude Oil from the harbor in New Orleans, Louisiana for ultimate discharge in Houston, Texas.

IX.

At the end of April 2015, River City submitted an invoice (Invoice No. 7431) to Cradon for $30,000.00, which encompassed 30 days of use during April of the RCT 3 barge at the Charter Hire Rate. *See* **Exhibit C**.

X.

Also at the end of April 2015, River City submitted an invoice (Invoice No. 7432) for $30,000.00, which encompassed 30 days of use during April of the RCT 7 barge at the Charter Hire Rate. *See* **Exhibit D**.

XI.

At the end of May 2015, River City submitted an invoice (Invoice No. 7441) to Cradon for $31,000.00, which encompassed 31 days of use during May of the RCT 3 barge at the Charter Hire Rate. *See* **Exhibit E**.

XII.

Also at the end of May 2015, River City submitted an invoice (Invoice No. 7442) for $31,000.00, which encompassed 31 days of use during May of the RCT 7 barge at the Charter Hire Rate. *See* **Exhibit F**.

XIII.

In June 2015, River City submitted an invoice (Invoice No. 7451) to Cradon for $15,000.00, which encompassed 15 days of use during June of the RCT 3 barge at the Charter Hire Rate. *See* **Exhibit G**.

XIV.

Also in June 2015, River City submitted an invoice (Invoice No. 7450) for $2,000.00, which encompassed 2 days of use during June of the RCT 7 barge at the Charter Hire Rate. *See* **Exhibit H**.

XV.

In June 2015, River City submitted an additional invoice (Invoice No. 7452) to Cradon for $2,287.50, which encompassed Fleet at Port Arthur on April 16, 2015 and Shift at Port Arthur on April 29, 2015. *See* **Exhibit I**.

XVI.

Finally, in June 2015, River City submitted an invoice (Invoice No. 7453) to Cradon for $478.40, which encompassed Shift for RCT 7 from K-Solv to Fleet on June 3, 2015. *See* **Exhibit J**.

XVII.

Nevertheless, to this day, Cradon and/or Cradon Management, Inc. has failed to pay the following invoices: (1) Invoice No. 7431, (2) Invoice No. 7432, (3) Invoice No. 7441, (4) Invoice No. 7442, (5) Invoice No. 7450, (6) Invoice No. 7451, (7) Invoice No. 7452, and (8) Invoice No. 7453.

XVIII.

The total amount outstanding under the unpaid invoices is $141,765.90.

XIX.

River City has made numerous demands for payment and on January 5, 2016, River City sent further amicable demand to Cradon for the unpaid invoices, but no payment has been made since said demands, despite each invoice being outstanding for longer than the agreed-upon thirty (30) days as set forth in the Agreements.

*Cleaning of the RCT 3 Barge by K-Solv*

XX.

On or about May 5, 2015 through May 20, 2015, unbeknownst to and without authority from River City or any party or person authorized by River City, K-Solv alleges that it provided necessaries to the RCT 3 barge, which included barge cleaning services, at the request of and for the benefit of Crest Energy Partners, LP; Crest Energy Partners GP, LLC (collectively "Crest"); and Crown. It is further alleged by K-Solv that Crest specifically directed K-Solv to send its invoices to Crown for payment.

XXI.

The Agreements between River City and Cradon provided that "[c]leaning, surveying, inspections and shifting and any and all cleaning expenses would be for the account of Charterer [Cradon] and will be invoiced to Charterer [Cradon] by Owner [River City] and paid by Charterer [Cradon] within thirty (30) days of receipt of the invoice from Owner [River City]."

XXII.

Accordingly, only River City had the authority under the Agreements to engage the services of any vessel-cleaning service, not Cradon, Crest Energy Partners, LP; Crest Energy Partners GP, LLC; or Crown; and, in fact, River City had already obtained a cleaning price from another facility for $85,000 but the barge ended up, not at the direction of River City, at K-Solv where it was apparently cleaned, as set out in Article A XX above.

XXIII.

On May 31, 2015, K-Solv submitted Invoice No. 60840 to Crown, as Crest Energy Partners, LP and Crest Energy Partners GP, LLC specifically directed K-Solv to send its invoices to Crown for payment as set out above.

XXIV.

It is alleged that, to date, Invoice #60840 for services rendered by K-Solv at the request of and for the benefit of Crest Energy Partners, LP; Crest Energy Partners GP, LLC; and Crown has not been paid.

XXV.

As a result, K-Solv, without legal authority, cause or permission filed (and later presented to River City) a Notice of Claim of Lien for recordation with the United States Coast Guard,

wherein K-Solv claimed a Maritime Lien on the RCT 3 barge pursuant to Federal Maritime Lien Act, 46 U.S.C. § 31341 *et seq.;* however, K-Solv erroneously, intentionally, and incorrectly stated to the U.S. Coast Guard that "Claimant [K-Solv] provided necessaries to the Vessel [RCT 3] on the order of owner [River City] or a person authorized by the Owner." To the contrary, River City has no contractual relationship whatsoever with the Crest or Crown entities and did not give them authority to use K-Solv to provide these necessaries to the RCT 3. *See* **Exhibit K**, attached hereto, which is a letter dated February 9, 2016, from counsel for K-Solv concerning the maritime lien.

XXVI.

The total amount claimed under the Maritime Lien is $130,720.00.

XXVII.

Because River City owns the RCT 3 barge, a copy of the Notice of Claim of Lien was provided to River City on February 9, 2016 in accordance with 46 U.S.C. § 31343(b)(1)(B)(i).

## CLAIMS FOR RELIEF

*Claim 1 – Breach of Contract Against Cradon Energy, Ltd.*

XXVIII.

Despite amicable demand for the unpaid amounts owed by Cradon and/or Cradon Management, *in solido*, under the Agreements, Cradon and/or Cradon Management, Inc. has failed to pay the outstanding invoices within thirty (30) days of receipt, as provided for in the Agreements.

XXIX.

To date, the total unpaid, outstanding amount is $141,765.90, plus interest, costs and attorney's fees.

XXX.

Accordingly, Cradon and/or Cradon Management has defaulted on and breached the contractual Agreements with River City, wherein it promised to pay invoices within thirty (30) days of receipt, and thus, are liable as such.

*Claim 2 – Open Account Claim Against Cradon Energy, Ltd.*

XXXI.

River City claims that it is entitled to recover amounts owed as set out above as well as attorney's fees against Cradon and/or Cradon Management pursuant to the Louisiana Open Account Statute, which can supplement maritime law.

*Claim 3 – Negligence Claim Against Crest Energy Partners, LP*

XXXII.

Crest Energy Partners, LP is liable to River City in tort for negligence based on its actions and omissions of causing the improper and wrongful imposition of a Maritime Lien against the RCT 3 barge, to the detriment of River City.

XXXIII.

Crest Energy Partners, LP improperly retained the services of K-Solv to clean the RCT 3 barge, without any authority from River City, whether actual or implied, or knowledge on the part of River City.

XXXIV.

As a result of Crest Energy Partners, LP's negligent actions and omissions, a Maritime Lien has been imposed on the RCT 3 barge, to the detriment of River City.

*Claim 4 – Negligence Claim Against Crest Energy Partners GP, LLC*

XXXV.

Crest Energy Partners GP, LLC is liable to River City in tort for negligence for its actions and omissions of causing the improper imposition of a Maritime Lien against the RCT 3 barge, to the detriment of River City.

XXXVI.

Crest Energy Partners GP, LLC improperly retained the services of K-Solv to clean the RCT 3 barge, without any authority from River City or any person or party authorized by River City, whether actual or implied, or knowledge on the part of River City.

XXXVII.

As a result of Crest Energy Partners GP, LLC's negligent actions and omissions, a Maritime Lien has been imposed on the RCT 3 barge, to the detriment of River City.

*Claim 5 – Negligence Claim Against Crown Financial, LLC*

XXXVIII.

Crown Financial, LLC is liable to River City in tort for negligence for its actions and omissions of causing the improper imposition of a Maritime Lien against the RCT 3 barge, to the detriment of River City.

XXXIX.

Crown Financial, LLC improperly retained the services of K-Solv to clean the RCT 3 barge, without any authority from River City, whether actual or implied, or knowledge on the part of River City.

XXXX.

As a result of Crown Financial, LLC's negligent and wrongful actions and omissions, a Maritime Lien has been imposed on the RCT 3 barge, to the detriment of River City.

*Claim 6 – Negligence Claim Against Cradon and/or Cradon Management*

XXXXI.

Cradon and/or Cradon Management is liable to River City in tort for negligence for its actions and omissions of causing and/or allowing the improper imposition of a Maritime Lien against the RCT 3 barge, to the detriment of River City.

*Claim 7 – Declaratory Judgment Against K-Solv, L.P.*

XXXXII.

This is a claim brought pursuant to the Declaratory Judgment Act, 28 § U.S.C. 2201, as it involves a case of actual controversy and plaintiff requests that the Court declare the rights and other legal relations between River City and K-Solv.

XXXXIII.

Neither Crest Energy Partners, LP; Crest Energy Partners GP, LLC; nor Crown Financial, LLC had the authority from River City, whether implied or actual, to contract for the provision of necessaries for the RCT 3, particularly the cleaning of the RCT 3 barge.

XXXXIV.

Such work was directly contrary to the language of the Agreements between Cradon and River City, whereby <u>solely</u> River City was tasked with procuring the cleaning of the RCT 3 barge and would subsequently invoice Cradon for such services.

XXXXV.

Therefore, at the time K-Solv provided the necessaries to the RCT 3 barge, it was not doing so on the order of either the owner—River City—or a person authorized by the owner.

XXXXVI.

Accordingly, the provision of necessaries to the RCT 3 could not lead to the establishment of a valid Maritime Lien against the vessel under the Federal Maritime Lien Act, 46 U.S.C. § 31342.

XXXXVII.

As a result, River City respectfully requests this Honorable Court to declare, that K-Solv is ordered and obligated to withdraw said Lien from the U.S. Coast Guard records pursuant to the Declaratory Judgment Action, (1) that the Notice of Claim of Lien, presented by K-Solv for recordation with the United States Coast Guard, wherein K-Solv claimed a Maritime Lien on the RCT 3 barge pursuant to the Federal Maritime Lien Act, in the total amount of $130,720.00, is invalid and the necessaries were not provided on the order of River City or a person or party authorized by River City; and, (2) said Notice of Claim of Lien must be withdrawn from the records of the U.S. Coast Guard; (3) and K-Solv has no claim or cause of action against River City or the barge RCT 3 for the sum of $130,720.00 as claimed.

XXXXVIII.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff River City Towing Services, Inc. prays that this Complaint be deemed good and sufficient, Defendants be cited and served with this Complaint, and that the Defendants be required to answer same.

**WHEREFORE,** Plaintiff River City Towing Services, Inc. further prays that judgment be entered in its favor and against Defendants Cradon Energy, Ltd. and Cradon Management, Inc., in solido, for breach of contract for the failure to pay within thirty (30) days of receipt, despite amicable demand, invoices submitted by River City to Cradon, in the total unpaid amount of $141,765.90, including interest, costs and attorney's fees pursuant to the Agreements and the Louisiana Open Account Statute.

**WHEREFORE,** Plaintiff River City Towing Services, Inc. further prays that judgment be entered in its favor and against Defendant Crown Financial, LLC for negligence in an amount which is reasonable in the premise, and for all damages, costs and attorney's fees incurred and claimed by River City Towing Services, Inc.

**WHEREFORE,** Plaintiff River City Towing Services, Inc. further prays that judgment be entered in its favor and against Defendant Crest Energy Partners, LP for negligence in an amount which is reasonable in the premise, and for all damages, costs and attorney's fees incurred and claimed by River City Towing Services, Inc.

**WHEREFORE,** Plaintiff River City Towing Services, Inc. further prays that judgment be entered in its favor and against Defendant Crest Energy Partners GP, LLC for negligence in

an amount which is reasonable in the premise, and for all damages, costs and attorney's fees claimed by River City Towing Services, Inc.

**WHEREFORE,** Plaintiff River City Towing Services, Inc. further prays that a declaratory judgment be entered in its favor and against Defendant K-Solv, L.P., declaring invalid the Notice of Claim of Lien, presented by K-Solv for recordation with the United States Coast Guard, wherein K-Solv claimed a Maritime Lien on the RCT 3 barge pursuant to Federal Maritime Lien Act, in the total amount of $130,720.00, as the necessaries were not provided on the order of River City or a person authorized by River City; that the Lien be withdrawn from the U.S. Coast Guard records; and that K-Solv, L.C. has no claim or cause of action against River City or the Barge RCT 3 for its claimed sum of $130,720.00.

**WHEREFORE**, Plaintiff River City Towing Services, Inc. further prays for all just and equitable relief that this Court is free to grant, including all interest, cost and attorney's fees, incurred by River City Towing, Inc. on these matters..

Respectfully submitted,

*Jefferson R. Tillery*___
MARC C. HEBERT (#23122)
JEFFERSON R. TILLERY (#17831), T.A.
Jones Walker LLP
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana  70170-5100
Telephone: (504) 582-8616
Telecopier: (504) 589-8616
mhebert@joneswalker.com
jtillery@joneswalker.com

JUSTIN J. MAROCCO (#35226)
Jones Walker LLP
8555 United Plaza Boulevard, 5th Floor
Baton Rouge, Louisiana 70809-7000
Telephone: (225) 248-2415
Telecopier: (225) 248-3115
jmarocco@joneswalker.com
***Attorneys for Plaintiff River City Towing Services, Inc.***